OPINION
Appellant appeals from the March 3, 2000, February 1, 2000, January 26, 2000, February 19, 1999, May 19, 1999, August 11, 1999, October 13, 1999, November 24, 1999, and December 10, 1999, Judgment Entries of the Coshocton County Court of Common Pleas, Juvenile Division.
 STATEMENT OF THE FACTS AND CASE
On November 16, 1998, the Coshocton County Children Services Board (CCCSB) filed a complaint in the Juvenile Division of the Coshocton County Court of Common Pleas alleging that Elizabeth Watkins (DOB 4/14/93) and Tilda "T.K." Felix (DOB 11/17/94) were abused and dependent children. While Conda Douglas is the mother of the two children, Mrs. Elizabeth Watkins is their maternal grandmother. Pursuant to a Judgment Entry filed on November 18, 1998, emergency custody of the two children was granted to the CCCSB. Thereafter, adjudicatory and dispositional hearings were held on February 9, 1999. At the hearing, Conda Douglas, John Yoho (Elizabeth's father), and Mrs. Elizabeth Watkins (the maternal grandmother), admitted that the two children were dependent children in violation of R.C. 2151.04(A). In exchange for this admission, the trial court, as memorialized in a Judgment Entry filed on February 19, 1999, dismissed the abuse count. Neither Elizabeth nor Tilda was represented by counsel at the February 9, 1999, hearing. Pursuant to a separate Judgment Entry filed the same day, the trial court further ordered that the two children remain in the temporary legal custody of the CCCSB and also scheduled a review hearing for May 12, 1999. As memorialized in a Judgment Entry filed on May 19, 1999, one week after the May 12, 1999, review hearing, the trial court ordered that the children remain in the temporary legal custody of the CCCSB "for placement in foster care until further order of this Court." A further review hearing was scheduled for August 9, 1999. The children remained in temporary legal custody after such hearing as is evidenced by a Judgment Entry filed on August 11, 1999. Subsequently, on October 22, 1999, John Yoho, Elizabeth's father, filed a motion requesting that the trial court name him Elizabeth's residential parent and legal custodian. A motion to name Mrs. Elizabeth Watkins, Elizabeth's maternal grandmother, as residential parent and legal custodian was filed on November 1, 1999. Two weeks later, the CCCSB moved for permanent custody of both children. A preliminary hearing was set for November 29, 1999, on the CCCSB's motion to modify temporary custody of both children to permanent custody. However, the trial court, pursuant to a Judgment Entry filed on December 10, 1999, continued the preliminary hearing and scheduled a joint hearing on the CCCSB's motion for permanent custody and on both John Yoho's and Mrs. Elizabeth Watkins' motions for custody for January 31, 2000. Thereafter, Attorney David L. Day, on January 25, 2000, filed a notice of appearance as counsel on behalf of Elizabeth Watkins, the minor child, pursuant to Juv. R. 4(A). Attorney Day had been retained by Elizabeth's step-grandmother, Mary Harris, to represent Elizabeth in the child custody proceedings. In a letter to Harris dated January 24, 2000, Attorney Day stated that he would enter an appearance on Elizabeth's behalf "if the court approves." At Attorney Day's request, the January 31, 2000, hearing was continued until March 1, 2000. A "Request for Clarification of `Representation" was filed by the CCCSB on February 7, 2000. The CCCSB, in its request for clarification of Elizabeth's representation by Attorney Day, specifically stated as follows: "Beth [Elizabeth] is not seven (7) years old. She is not legally able to retain Mr. Day to represent her. We agree that Juvenile Rule 4(A) permits Beth [Elizabeth] to have counsel, however, we would submit that counsel must be Court appointed."
The next day, a motion opposing the appearance of David L. Day as attorney for Elizabeth was filed by the Guardian Ad Litem. Attorney Day subsequently filed responses to both the request for clarification and the Guardian Ad Litem's motion. Attorney Day, on February 25, 2000, filed a motion requesting "an order appointing attorney, David L. Day, as counsel for said minor [Elizabeth Watkins] pursuant to his contract with Marry (sic) Harris or at the expense of Coshocton County for the reason that it appears from the record herein that nobody who has appeared before the court in this matter is in a position to properly and zealously represent the interests of said minor." The same day, Mrs. Elizabeth Watkins, the maternal grandmother, moved for the appointment of independent counsel for Elizabeth. A hearing was held on March 1, 2000, on whether Attorney Day would be permitted to continue as counsel for Elizabeth and/or whether separate and independent counsel would be appointed for the two minor children in this case. At the hearing, Attorney Day submitted a legal opinion letter dated February 24, 2000, addressed to him from Attorney Charles Kettlewell. Attorney Kettlewell, in his opinion letter, advised Day that since Elizabeth, as a minor, could not to consent to Mary Harris' hiring of Day to represent Elizabeth, "you should have the court provide the "applicable consent" in order for you to proceed with this representation." Pursuant to a Judgment Entry filed on March 3, 2000, the trial court denied Attorney Day's motion for approval or appointment as counsel for Elizabeth and appointed Susan Cultice Brown as attorney for Elizabeth. The trial court, in its entry, specifically stated, in part, as follows: 4. Mary Harris has entered into an agreement to pay the fees of Attorney Day to represent the child. 5. Attorney Day has vehemently argued that he has completely isolated himself from any communication or influence by or between Mary Harris and himself in an attempt to establish and maintain his independence in representing the minor child Elizabeth (Beth) Watkins. However, the fourth paragraph of his fee agreement letter, to Mary Harris, dated January 24, 2000, and admitted as Day's Exhibit #1 states in part ". . . We will keep you advised of pertinent activities and from time to time will request that you and any potential witnesses meet with me or my associates to discuss strategies, witnesses and trial preparation . . ." 6. Attorney Day has been silent as to the wishes of Beth, but throughout these proceedings the content and tenor of his pleadings on behalf of Beth espoused a position very closely aligned to that of John Yoho. 7. There is, at minimum, the appearance of a conflict of interest in Attorney Day's representation of Elizabeth (Beth) Watkins. 8. In order to avoid the appearance of impropriety Attorney Day should not be permitted to continue as counsel for Elizabeth (Beth) Watkins. 9. Therefore the Motion Opposing the Appointment of David Day as attorney for Beth Watkins is hereby GRANTED; the Motion of Approval or Appointment of David L. Day as attorney for Beth is hereby DENIED. This ruling also addresses the Request for Clarification of Representation filed by CCCSB. 10. The Court has, however, determined that it is in the best interest of both children that separate and independent counsel be appointed by the Court for them.
It is from the trial court's February 19, 1999, May 19, 1999, August 11, 1999, October 13, 1999, November 24, 1999, December 10, 1999, January 26, 2000, February 1, 2000, and March 3, 2000, Judgment Entries that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE JUVENILE COURT ERRED BY FAILING TO APPOINT COUNSEL FOR ELIZABETH (BETH) WATKINS, A MINOR, AT OR IMMEDIATELY DURING OR AFTER THE HEARING OF FEBRUARY 9, 1999, WHEN ELIZABETH (BETH) WATKINS WAS DETERMINED TO BE A DEPENDENT CHILD.
ASSIGNMENT OF ERROR II
 THE JUVENILE COURT ERRED IN FAILING TO APPOINT OR APPROVE RETAINED COUNSEL, DAVID L. DAY, AS COUNSEL FOR ELIZABETH (BETH) WATKINS, A MINOR, AND/OR IN DETERMINING THAT RETAINED COUNSEL COULD NOT REPRESENT ELIZABETH (BETH) WATKINS, A MINOR.
ASSIGNMENT OF ERROR III
 THE JUVENILE COURT ERRED IN APPOINTING ATTORNEY SUSAN CULTICE BROWN AS COUNSEL FOR ELIZABETH (BETH) WATKINS, A MINOR, ON AN INDIGENT BASIS WITHOUT FIRST DETERMINING THAT SAID MINOR WAS IN FACT INDIGENT.
The case has been assigned to the court's accelerated calendar. Before we can address the above assignments of error, we must address whether Attorney Day has standing to file this appeal. Pursuant to the common-law doctrine of standing, only those parties who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the lower court's decision have the right to file an appeal. Jenkins v. Gallipolis (1998), 128 Ohio App.3d 376, 381, citing Willoughby Hills v. C.C. Bar's Sahara (1992) 64 Ohio St.3d 24, 26. The burden of proof to establish standing rests with the party seeking to appeal. Id. While Attorney Day maintains that he represents Elizabeth for purposes of this appeal, we do not concur. As is stated above, Day was retained by Mary Harris, Elizabeth's step-grandmother, to represent Elizabeth in the custody proceedings. Since Elizabeth is a minor and, therefore, clearly cannot consent to Day's representation of her, Day, upon the advice of Attorney Charles Kettlewell, requested the trial court's consent to represent Elizabeth. As Day stated in his brief before this court, "the court's approval was necessary . . . because a child 6 years old is not of sufficient age to give such approval." The trial court, however, declined to appoint Attorney Day as counsel for Elizabeth, finding that there was "at minimum" the appearance of a conflict in Day's representation of Elizabeth. Clearly, based on the foregoing, Attorney Day has never represented Elizabeth in this matter and is not a party to these proceedings since he personally has no present interest in the subject matter of the litigation. Attorney Day, therefore, has no standing to bring this appeal.
The appeal filed by Attorney Day is, therefore, dismissed.
Wise, J. concur. Hoffman, P.J. concurs in part and dissents in part.
 __________________________ Edwards, J.